Filed 6/14/23  P. v. Ramos CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANKIE DUQUE RAMOS,<br><br>Defendant and Appellant. | F082502<br><br>(Super. Ct. No. BF172121A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Frankie Duque Ramos entered an illegal gaming business with three other gang members and robbed the business at gunpoint. While fleeing, the four robbers shot at the security guard and wounded him in the leg. After defendant's trial, the Legislature substantially amended the statutes applicable to gang enhancements and sentencing. The parties agree that the gang enhancements should be reversed and the matter remanded to the trial court for further proceedings, and that defendant is entitled to resentencing under the amended sentencing statutes. We agree that the gang and gang-related firearm enhancements should be reversed and remand for full resentencing.

## PROCEDURAL BACKGROUND

On September 25, 2020, a jury convicted defendant of attempted murder (Pen. Code, §§ 187, 664;[1] count 1), second degree robbery (§ 212.5, subd. (c); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), conspiracy to commit robbery and assault with a firearm (§§ 182, subd. (a)(1), 212.5, subd. (c), 245, subd. (a)(2); count 5), and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6). The jury failed to reach a verdict as to count 4, which charged defendant with active participation in the Loma Bakers criminal street gang (§ 186.22, subd. (a)), and the trial court dismissed this charge upon the People's motion when defendant was sentenced.

The jury also found true enhancements that defendant committed the crimes to benefit a criminal street gang as to all counts (former § 186.22, subd.(b)(1)), and, as to counts 1 and 2, that defendant personally used a firearm (§ 12022.53, subd. (b)) and discharged a firearm (§ 12022.53, subd. (c)) causing great bodily injury (§ 12022.53, subd. (d)), or that a principle did so during a crime to benefit a criminal street gang (§ 12022.53, subd. (e)). The jury further found true, as to counts 3 and 5, that defendant personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7).

---

[1]     Undesignated statutory references are to the Penal Code.

After defendant waived his right to a jury trial, the trial court found true that defendant had a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)).

The trial court denied defendant's motion to dismiss his prior strike,[2] struck the enhancement for a serious felony conviction (§ 667, subd. (a)), and sentenced defendant to a total fixed term of 29 years and four months, plus 50 years to life, as follows: 14 years for attempted murder (§§ 187, 664, 667, subd. (e)), plus 10 years (§ 186.22, subd. (b)(1)), plus 25 years to life (§ 12022.53, subd. (d)), plus stayed terms of 20 and 10 years (§§ 654, 12022.53, subds. (b), (c)) and a consecutive two-year term for robbery (§§ 212.5, 667, subd. (e)), plus three years and four months (§ 186.22, subd. (b)(1)), plus 25 years to life (§ 12022.53, subd. (d)), plus stayed terms of 20 and 10 years (§§ 654, 12022.53, subds. (b), (c)).

As to the remaining charges, the trial court stayed the sentences pursuant to section 654 and sentenced defendant as follows: the upper term of eight years for assault with a firearm (§§ 245, subd. (a)(2), 667, subd. (e)), plus 10 years (§ 186.22, subd. (b)(1)), plus 10 years (§ 12022.5, subd. (a)), plus three years (§ 12022.7), the upper term of six years for conspiracy (§ 182, subd. (a)(1)), plus five years (§ 186.22, subd. (b)(1)), plus 10 years (§ 12022.5, subd. (a)), plus three years (§ 12022.7), and the upper term of six years for possession of a firearm by a prohibited person (§ 29800, subd. (a)(1)), plus four years (§ 186.22, subd. (b)(1)).

The court also ordered defendant to pay victim restitution (§ 1202.4), a $300 restitution fine (§ 1202.4), a suspended $300 parole revocation restitution fine (§ 1202.45), and $30 criminal conviction (Gov. Code, § 70373) and $40 court operations (§ 1465.8) assessments as to all counts.

---

**2** See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Defendant timely appealed on March 11, 2021.

## DISCUSSION[3]

At the time of defendant's trial, former section 186.22 provided for enhanced punishment when a defendant is convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with a criminal street gang." (Former § 186.22, subd. (b)(1)). Defendant's jury found true the gang enhancements (former § 186.22, subd. (b)(1)) as to counts 1, 2, 3, 5, and 6 and gang-related firearm enhancements (§ 12022.53, subds. (e) and (b), (c), (d)) as to counts 1 and 2.

Effective January 1, 2022, Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) amended section 186.22 to require proof of additional elements to establish gang offenses and enhancements. (Stats. 2021, ch. 699, § 3.) Defendant contends that the amendments to section 186.22 apply retroactively to his case and that we must reverse the true findings on his gang and gang-related firearm enhancements because he was convicted under a prior version of the law.[4] The People concede that the amendments apply retroactively. We agree and reverse the true finding on the gang enhancements and gang-related firearm enhancements and remand for retrial or resentencing, depending on the People's decision whether to retry them.

The parties agree amendments to section 186.22 altered the requirements necessary to prove the substantive gang offense and gang enhancements and, therefore, operate retroactively. (*In re Estrada* (1965) 63 Cal.2d 740; *People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207 ["[*In re* ]*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' … 'Assembly Bill 333 essentially adds new elements to the substantive offense and

---

**3** In light of the parties' concession to remand for resentencing, and our acceptance of that concession, we dispense with a recitation of the facts in this case.

**4** Although defendant initially argued that the evidence was insufficient on the gang and gang-related enhancements, defendant conceded in his reply brief that the prosecutor should have the option of retrying the enhancements.

4.

enhancements in section 186.22 .…' [Citations.] These changes have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants like Tran."].) Accordingly, it is undisputed defendant may seek the benefit of amendments to section 186.22.

Both parties agree the case should be remanded to afford the prosecution an opportunity to retry the gang-related charges and enhancements, as do we. The proper remedy for this type of failure of proof—where newly required elements were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges. (*People v. E.H.* (2022) 75 Cal.App.5th 467, 480; see *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381 [vacating gang enhancements and remanding for possible retrial at the election of the People].)

The gang enhancement on counts 1, 2, 3, 5, and 6 and gang-related firearm enhancements on counts 1 and 2 are reversed, and the matter is remanded. On remand, the People may elect to retry the enhancements under the current gang enhancement law or, instead, they may proceed directly to resentencing on the remaining conviction and any other sentencing enhancements.

Because we are remanding this matter for resentencing in light of amendments to section 186.22, we do not reach defendant's argument that he is entitled to resentencing pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), which became effective while this appeal was pending. "[T]he full resentencing rule allows a [trial] court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; accord *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].) A court conducting a full resentencing may "exercise its sentencing discretion in light of … changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681.) This, of course, includes any new legislation delimiting that sentencing discretion. (See

*Valenzuela*, at p. 425 ["[I]n a Proposition 47 resentencing, the trial court not only must revisit its prior sentencing decisions, it also must decide whether the factual basis for an enhancement has been abrogated by the redesignation of a felony conviction as a misdemeanor."]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45–47 [holding the need to apply amended §§ 1170, subd. (b), 654 to the defendant's sentence warranted a remand for a full resentencing].)

When defendant is resentenced, the trial court must apply any applicable law, including section 1170, as amended by Senate Bill No. 567. We therefore need not and do not reach the merits of defendant's claim.

## DISPOSITION

The true findings on the former section 186.22, subdivision (b) gang enhancements and the section 12022.53, subdivision (e) gang-related firearm enhancements are reversed. The case is remanded to the trial court with directions to (1) give the People an opportunity to retry the enhancements under section 186.22, as amended by Assembly Bill 333 (Stats. 2021, ch. 699, § 3) and section 12022.53, subdivision (e), and (2) resentence defendant in a manner consistent with this opinion. Thereafter, the trial court is directed to file an amended and corrected abstract of judgment and transmit copies thereof to the appropriate authorities. In all other respects, the judgment is affirmed.


HILL, P. J.

WE CONCUR:


LEVY, J.


MEEHAN, J.

6.